**SIGNED this 21 day of January, 2015.**



*Austin E Carter*
**Austin E. Carter
United States Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Case No. 14-11286-AEC |
| Ralph W. Shubert, | ) | |
| | ) | Chapter 13 |
| Debtor. | ) | |
| | ) | |
| Ralph W. Shubert, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | Contested Matter |
| | ) | |
| Paul B. Murray, | ) | |
| | ) | |
| Respondent. | ) | |

Before

Austin E. Carter
United States Bankruptcy Judge

Counsel

  For Debtor/Movant:  William E. Mitchell, IV
              525 West Broad Avenue
              P.O. Box 2276
              Albany, Georgia 31702

  For Respondent:   Paul B. Murray (pro se)
              412 Poinciana Avenue
              Albany, Georgia 31705

# M E M O R A N D U M   O P I N I O N

This contested matter comes before the Court on the Debtor's Motion for Release of Garnished Funds.  In this Motion, the Debtor requests the Court to authorize the Magistrate Court of Dougherty County, Georgia (hereinafter, the "Magistrate Court"), to release certain garnished funds held by that court.  Mr. Paul B. Murray, a judgment creditor who is the plaintiff in the subject garnishment action (described below), filed a Response in opposition to the Debtor's Motion, and the Court held a hearing to consider the matter.

Proceedings to determine property of the estate are core proceedings under 28 U.S.C. § 157(b).  The Court states its findings of fact and conclusions of law separately pursuant to Federal Rule of Civil Procedure 52, made applicable in this case by Federal Rule of Bankruptcy Procedure ("Bankruptcy Rule") 7052, which is, in turn, made applicable to this contested matter through Bankruptcy Rule 9014(c).

## F INDINGS  OF  F ACT

The parties do not dispute the following facts, which the Court adopts as its findings of fact:

1. The Magistrate Court holds $475.86, which was submitted by the Debtor's employer to the Magistrate Court in the amount of $237.93 on August 15, 2014, and $237.93 on August 29, 2014 (hereinafter collectively, the "Funds").

2. The Funds were submitted to the Magistrate Court in response to a continuing garnishment action filed by Mr. Murray to collect past due rent.

3. On September 17, 2014 the Debtor filed his Voluntary Petition for bankruptcy relief under Chapter 13.

4. On September 24, 2014, the Debtor filed a motion with this Court seeking the release of the Funds.

5. On November 4, 2014, the Debtor amended his Schedules B & C to include the Funds as personal property and to claim the Funds as exempt.

2

## Conclusions of Law

This case presents the question of whether a debtor's wages, which at the time of filing of the debtor's bankruptcy petition are in the custody of a court presiding over a Georgia garnishment action, are property of the debtor's bankruptcy estate.[1] If the Funds are property of the estate then they should be released to the Debtor, though they remain subject to any unavoided liens. On the other hand, if the Funds are not property of the estate, then the Court cannot authorize their release to the Debtor and they would be available for distribution (presumably to Mr. Murray) in the garnishment proceeding.

The foundation for determining the extent of the "estate" is laid in § 541(a).[2] According to § 541(a), "[t]he commencement of a case under [§ 301] . . . creates an estate." 11 U.S.C. § 541(a). Sections 541(a) and (b) specify various categories of property that are included in, or excluded from, the estate. The most basic of the inclusive provisions includes in the estate "all legal or equitable interests of the debtor in property as of the commencement of the case." *Id.* § 541(a)(1).

A voluntary case is commenced when an eligible debtor files a petition with the bankruptcy court. *Id.* § 301(a). Thus, the estate includes all of the debtor's legal and equitable interests in property at the time the debtor's petition is filed. It is well established that the debtor's interests in property are, absent federal law to the contrary, defined by applicable state property law. *Witko v. Menotte (In re Witko)*, 374 F.3d 1040, 1043 (11th Cir. 2004); *see also Butner v. United States*, 440 U.S. 48, 54 (1979). Because the Funds were garnished in a Georgia garnishment action, Georgia law determines who holds the respective property interests in them. *Bowen v. Thompson (In re Thompson)*, No. 13-52212, 2013 WL 8214644, at *2 (Bankr. N.D. Ga. April 30, 2013).

---

[1] As Mr. Murray correctly notes in his Response to the Motion, this case does not involve a preferential transfer because the $600 threshold provided by § 547(c)(8) was not reached.

[2] Unless otherwise indicated, all references herein to "section" or "§" refer to a corresponding section of the Bankruptcy Code, and all references to the "Bankruptcy Code" relate to the corresponding sections of Title 11 of the United States Code.

To assess whether, and to what extent, the estate has an interest in the Funds, we must turn to the Georgia garnishment statutes pursuant to which the Magistrate Court has possession of them. Under these statutes, a judgment creditor may file an affidavit for continuing garnishment against any party that is thought to be an employer of the defendant (in the garnishment proceeding, the judgment debtor is referred to as the "defendant"; the employer on whom the garnishment summons is served is referred to as the "garnishee"). *See* O.C.G.A. §§ 18-4-61, 18-4-110. Service of the summons of garnishment creates a lien in favor of the plaintiff creditor on all property that is subject to the garnishment. *Receivables Purchasing Co. v. R & R Directional Drilling, L.L.C.*, 263 Ga. App. 649, 651 n.3, 588 S.E.2d 831, 832 n.3 (2003) (citing *Gen. Lithographing Co. v. Sight & Sound Projectors, Inc.*, 128 Ga. App. 304, 304, 196 S.E.2d 479, 481 (1973)); *see also* O.C.G.A. § 18-4-20(b); *Askin Marine Co. v. Conner (In re Conner)*, 733 F.2d 1560, 1562 (11th Cir. 1984). The property subject to the garnishment includes all nonexempt wages of, or other property belonging to, the defendant in the possession or control of the garnishee.[3] O.C.G.A. § 18-4-111(b) ("All property, money, or effects of the defendant in the possession or control of the garnishee at the time of service of the summons of continuing garnishment upon the garnishee . . . shall be subject to process of continuing garnishment . . . .").[4]

After receiving service, the garnishee is obligated to file one or more answers to the garnishment affidavit as required by statute. *Id.* § 18-4-113(a)(1). Each answer must state what wages, if any, are subject to the garnishment action. *Id.* § 18-4-113(a)(2). Along with the answer, the garnishee is directed to submit such wages to the court. *Id.* § 18-4-113(a)(3).

---

[3] Because in this case (as is usually true in continuing garnishment actions) the type of property garnished was the wages of the defendant, the Court frames its discussion in terms of "wages," but it does not intend to exclude thereby the other types of property listed in the statute.

[4] *See also* O.C.G.A. §§ 18-4-111(c) (providing for exemptions in continuing garnishment actions), 18-4-113(a)(1) (stating that "garnishee answer shall state what property, money, or other effects of the defendant are subject to continuing garnishment"), 18-4-113(b)(2) (same), 18-4-118(2) (stating in form summons of garnishment that garnishee is commanded to hold and deliver to garnishment court all "property, money, and wages, except what is exempt, belonging to the defendant").

The defendant may file a response, called a traverse, showing why the plaintiff's garnishment affidavit is untrue or otherwise legally insufficient. *Id.* §§ 18-4-93, 18-4-116(a). If the defendant prevails upon the trial of the issues asserted in his traverse, the garnishment case is dismissed, and any wages of the defendant in the possession of the court shall be refunded to the defendant unless a competing claim to the wages has been filed. *Id.* § 18-4-94.

If no traverse is filed within the fifteen days following the service of the summons, the plaintiff will receive delivery of the garnished wages from the court's custody upon application to the clerk of court.[5] *Id.* § 18-4-89. Once that delivery has taken place (or, if the wages were not deposited by the garnishee with the court, then upon entry of judgment), the defendant's right to file a traverse is extinguished. *Id.* § 18-4-93.

These statutes do not specifically provide for, or otherwise address, the transfer of the defendant's ownership rights in the garnished property, and thus leave open the question of when the ownership rights of a defendant in a garnishment action are extinguished. The Court is likewise unaware of any reported decisions of Georgia courts which address this question. Several bankruptcy courts sitting in Georgia, however, have done so, with two contrary lines of cases emerging.

Courts in several older cases from this district ruled that wages, held in the custody of a garnishment court when a bankruptcy case is filed, are not property of the debtor's bankruptcy estate. The first of these cases, *Flournoy v. Pate (In re Antley)*, 18 B.R. 207 (Bankr. M.D. Ga. 1982), involves facts similar to those here. The debtor in *Antley* was the defendant in a garnishment action, pursuant to which his employer submitted a portion of his wages to the state court in which the garnishment action was pending. After the wages were submitted by the debtor's employer, but before the garnishment court had disbursed them, the debtor and his wife filed a bankruptcy case. The chapter 13 trustee in the debtors' bankruptcy case attempted to recover the wages held in the garnishment court.

---

[5]  If the garnishee does not timely deposit the subject wages with the court, the garnishee will be in default, after which time the court may enter a default judgment against the garnishee as provided in O.C.G.A. § 18-4-115.

5

The bankruptcy court held that the debtors' bankruptcy estate had no interest in the wages and, therefore, refused to grant their recovery by the trustee. *Id.* at 212. In reaching this decision, the bankruptcy court assessed the debtors' "very limited" statutory rights to participate in a garnishment action—their right to file a traverse asserting an interest in the garnished wages and their right to challenge the existence or amount of the plaintiff's judgment. *Id.* at 211-12. Because the debtors had not asserted any rights to the garnished wages, either in the garnishment court or in the bankruptcy court, the court concluded that the debtors had no interest in the wages that could be included as property of the estate. *Id.* This holding appears to be based on the assumption that the debtors' only interest in the wages lay in pursuit of an action challenging the garnishor's judgment or asserting an interest superior to the garnishor's lien.

The other published decision in this line of cases also arose in this district. However, because this decision, *Lord v. Carragher (In re Lord)*, 270 B.R. 787 (Bankr. M.D. Ga. 1998), provides no analysis for its holding, it requires no separate treatment.[6]

The contrary line of cases consists of several recent decisions from the Bankruptcy Court for the Northern District of Georgia. Under similar facts, these decisions have ruled that wages, held in the custody of a garnishment court when a bankruptcy case is filed, are property of the debtor's bankruptcy estate. *See, e.g.*, *Cochran v. Douglasville Winair Co. (In re Cochran)*, No. 13-43242, 2014 WL 1277889 (Bankr. N.D. Ga. Feb. 10, 2014); *Thompson*, 2013 WL 8214644; *In re Williams*, 460 B.R. 915 (Bankr. N.D. Ga. 2011). In general, these courts reason that, so long as the debtor, at the time of the filing of the bankruptcy petition, retains the right under the Georgia garnishment scheme to file a traverse in the garnishment action, the bankruptcy estate retains an interest in the wages held in the court's registry. *Cochran*, 2014 WL 1277889, at *2; *Thompson*, 2013 WL 8214644, at *3; *Williams*, 460 B.R. at 922. Some of these decisions also find additional support by analyzing the ownership of the wages while they are held in a garnishment court. *See Thompson*, 2013 WL 8214644, at *2 ("It would be illogical to assume

---

[6] In *Lord*, the court cited *Antley* and an unpublished decision, *Williams v. Account Control Services (In re Williams)*, No. 96-40749 (Bankr. M.D. Ga. Aug. 26, 1996), but provided no discussion of either.

6

that when a garnishee pays a debt owed to the defendant into the registry of the court, those funds, which are the proceeds of a property interest of the defendant, would not be property of the defendant."); *Williams*, 460 B.R. at 919-20, 922-23 (discussing defendant's retention of title to garnished wages in garnishment proceeding).

After consideration of the two lines of cases, the Court is persuaded by the reasoning of *Williams* and its progeny. Particularly influential to the Court's decision is the analysis of ownership and title, as discussed in *Williams* and *Thompson*.[7] In light of these cases and an examination of Georgia law, the Court holds that a judgment defendant in a Georgia garnishment proceeding retains title to wages garnished from him and deposited into the registry of the garnishment court until such wages are distributed from that court.

The cornerstone of this analysis is the effect of the service of the summons of garnishment. As noted above, when a summons is served on a garnishee under the Georgia garnishment scheme, a lien in favor of the garnishing creditor is created on all property subject to the garnishment action. Because the summons creates a lien on the defendant's wages in favor of the creditor, title to the wages, at the time the lien is created, must remain with the defendant/employee. After all, a creditor could not simultaneously hold title to, and a lien on, the same property. *Williams*, 460 B.R. at 922 ("[O]ne cannot hold a lien on its own property."); *see also Burton v. J. W. Hardeman & Sons*, 35 Ga. App. 453, 453, 133 S.E. 752, 752 (1926) ("If the plaintiff in fi. fa. in the garnishment proceeding . . . had proceeded to obtain title to the garnished debt, his lien under the garnishment levy would have become merged with his title . . . ."). Therefore, title to wages subject to a garnishment action is not transferred from the defendant by service of the summons of garnishment.

Because O.C.G.A. § 18-4-93 provides that a judgment defendant in a Georgia garnishment proceeding cannot file a traverse as to wages that have been distributed by the court to the garnishing creditor in accordance with O.C.G.A. § 18-4-89(a), it would appear that the

---

[7] This question of title to the garnished funds was not addressed in the *Antley* decision or those that followed it, likely because the parties did not raise the issue.

7

defendant's interest in such wages passes to the garnishing creditor when the wages are distributed from the court. While there remains a theoretical possibility that the defendant's interest is transferred at some point before the distribution of the wages from the garnishment court, Georgia law does not support such a concept.

"Georgia's garnishment statutes . . . are 'in derogation of the common law and, thus, must be strictly construed.'" *A.M. Buckler & Assocs., Inc. v. Sanders*, 305 Ga. App. 704, 704, 700 S.E.2d 701, 702 (2010) (quoting *Wachovia Bank of Ga., N.A. v. Unisys Fin. Corp.*, 221 Ga. App. 471, 474, 471 S.E.2d 554, 558 (1996)). In this context, Georgia's garnishment statutes may be only read to show that the defendant/employee continues to have title to wages garnished from him while the wages are held in the garnishment court. For example, and as Judge Massey points out in *Thompson*, O.C.G.A. § 18-4-94(a), in addressing the consequences of a defendant's victory in a trial on a traverse, directs the court to "*restore[]* to the defendant" any property that "*belong[s]* to the defendant." 2013 WL 8214644, at *2 (emphasis added). It is thus improper to read into these statutes the idea that title is transferred from the defendant prior to distribution of the wages by the garnishment court (or entry of judgment by the garnishment court), in the absence of clear indication of such transfer, of which there is none. *See Thompson*, 2013 WL 8214644, at *3;

The Court's conclusion is buttressed by the defendant's statutory right to post a bond with the court and so receive possession of the property that was subject to garnishment. O.C.G.A. §§ 18-4-81, 18-4-116(b). Such a bond, which is known as a "dissolution bond," dissolves the garnishment as against that property and leaves the plaintiff with a remedy (in that proceeding) only as against the bond itself. *Id.* §§ 18-4-6, 18-4-81; *see also Chase Manhattan Bank v. Lafray*, 258 Ga. App. 183, 185 & n.5, 573 S.E.2d 435, 437 & n.5 (2002); *Halpern v. Austin*, 385 F. Supp. 1009, 1011 (N.D. Ga. 1974); *see generally Black's Law Dictionary* 211-16 (10th ed. 2014) (defining the various types of bonds by their functions). Further, under the Georgia statutes, only the defendant—not the garnishing creditor, the garnishee, or a third-party claimant—is entitled to post bond. O.C.G.A. §§ 18-4-47, 18-4-81, 18-4-116(b). This right

8

expires once the property is distributed from the garnishment court. *See id.* §§ 18-4-81 (indicating that right to post bond is procedurally linked to filing traverse), 18-4-93 (stating that right to file traverse expires when subject property is distributed), 18-4-116 (preserving in continuing garnishment action such rights to post bond and file traverse). Posting such a bond entitles the defendant to receive possession of his wages or other property. *Id.* §§ 18-4-47, 18-4-81, 18-4-116.

Therefore, the Court holds that a judgment defendant in a Georgia garnishment proceeding retains title to wages garnished from him and deposited into the registry of the garnishment court until such wages are distributed from that court. Because the Funds constitute the Debtor's wages held by the Magistrate Court pursuant to a garnishment proceeding at the time the Debtor filed this case, the Court holds that the Funds are property of the Debtor's estate under § 541.

Along with his Motion requesting the Turnover of the Funds, the Debtor filed an amended Schedule C, claiming an exemption to the Funds. However, the Funds remain subject to Mr. Murray's garnishment lien because Debtor has not moved to avoid such lien.[8]

An Order in accordance with this Opinion will be entered on this date.

END OF DOCUMENT

---

[8] While the Court does not opine on the outcome of such a proceeding, until and unless Mr. Murray's lien is avoided, he may be entitled to adequate protection for that lien under the Bankruptcy Code. *See Bank of Am., N.A. v. Johnson (In re Johnson)*, 479 B.R. 159, 171 & n.56 (Bankr. N.D. Ga. 2012) (discussing lien rights and attendant restrictions on cash subject to garnishment lien).